UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVONE M. WHITE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:20-CV-489 NCC ) |
| MICHELE BUCKNER, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Davone M. White for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition, petitioner has filed a motion for leave to proceed in forma pauperis, which will be granted. For the following reasons, the Court will instruct petitioner to show cause why this action should not be dismissed for failure to exhaust available state remedies.

### Background

Petitioner, an inmate at South Central Correctional Center ("SCCC"), seeks a writ of habeas corpus. After a jury trial, petitioner was convicted of robbery in the first degree, attempted robbery in the first degree and armed criminal action on February 23, 2016. Petitioner was sentenced to twenty-five (25) years' imprisonment on April 15, 2016. *See State v. White*, No. 14SL-CR10027-01 (St. Louis County Court, 21st Judicial Circuit).

Petitioner filed a direct appeal of his conviction and sentence on April 22, 2016. *See State v. White*, No. ED104326 (Mo.Ct.App.2016). The Court of Appeals reversed the matter for resentencing on May 16, 2017. Petitioner was resentenced in the trial court on July 13, 2017 to twenty-four (24) years' imprisonment. *See State v. White*, No. 14SL-CR10027-01 (St. Louis County Court, 21st Judicial Circuit).

Petitioner again appealed the matter to the Court of Appeals on September 5, 2017. *State v. White*, No. ED105876 (Mo.Ct.App.2017). His appointed counsel filed a voluntary dismissal of the appeal on December 4, 2017.

Petitioner filed a post-conviction motion to vacate his sentence pursuant to Mo.Sup.Ct.R. 29.15 on August 21, 2017. *White v. State*, No.17SL-CC03175 (St. Louis County Court, 21st Judicial Circuit). The motion was denied on January 23, 2019. He appealed the denial of his motion to vacate on January 31, 2019. *White v. State*, No. ED107667 (Mo.Ct.App. 2019). Although the Court affirmed the denial of his motion to vacate on February 18, 2020, the Court has not yet issued a mandate in the action. Thus, petitioner's appeal of the denial of the motion to vacate is technically still pending in the Missouri State Court.[1]

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Not only will petitioner have the opportunity to raise constitutional challenges in the context of his direct appeal, but he must also pursue his state court remedies through his post-conviction (Rule 24.035/29.15) proceedings and

---

[1] The one-year limitations period under 28 U.S.C. § 2244(d), allows for equitable tolling during the pendency of petitioner's post-conviction proceedings, that is, from the date the motion to vacate brought pursuant to 29.15 is filed through the issuance of the mandate the appeal of the denial of the 29.15. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). Although not required in Missouri, petitioner may also toll his statute of limitations by filing a timely motion to transfer with the Supreme Court of Missouri.

2

appeals. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

In light of the aforementioned, petitioner will be required to show cause why this action should not be dismissed for failure to exhaust his state court remedies prior to bringing the present action to Federal Court. Petitioner shall have thirty (30) days to file a response to the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondents, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant habeas corpus application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response may result in the denial of the instant petition and the dismissal of this action, without prejudice.

Dated this 9th day of April, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE