# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVONE M. WHITE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:20-CV-489 NCC |
| MICHELLE BUCKNER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Davone M. White to stay and hold in abeyance his petition for writ of habeas corpus. For the reasons discussed below, the motion will be granted.

### Background

Petitioner, an inmate at South Central Correctional Center ("SCCC"), seeks a writ of habeas corpus. After a jury trial, petitioner was convicted of robbery in the first degree, attempted robbery in the first degree and armed criminal action on February 23, 2016. Petitioner was sentenced to twenty-five (25) years' imprisonment on April 15, 2016. *See State v. White*, No. 14SL-CR10027-01 (St. Louis County Court, 21st Judicial Circuit).

Petitioner filed a direct appeal of his conviction and sentence on April 22, 2016. *See State v. White*, No. ED104326 (Mo. Ct. App. 2016). The Court of Appeals reversed the matter for resentencing on May 16, 2017. Petitioner was resentenced in the trial court on July 13, 2017 to twenty-four (24) years' imprisonment. *See State v. White*, No. 14SL-CR10027-01 (St. Louis County Court, 21st Judicial Circuit).

Petitioner again appealed the matter to the Court of Appeals on September 5, 2017. *State v. White*, No. ED105876 (Mo. Ct. App. 2017). His appointed counsel filed a voluntary dismissal of the appeal on December 4, 2017.

Petitioner filed a post-conviction motion to vacate his sentence pursuant to Mo. Sup. Ct. R. 29.15 on August 21, 2017. *White v. State*, No.17SL-CC03175 (St. Louis County Court, 21st Judicial Circuit). The motion was denied on January 23, 2019. He appealed the denial of his motion to vacate on January 31, 2019. *White v. State*, No. ED107667 (Mo. Ct. App. 2019). Although the Court affirmed the denial of his motion to vacate on February 18, 2020, the Court has not yet issued a mandate in the action.

A review of the post-conviction proceedings on Missouri.Case.Net reveals that on March 9, 2020, petitioner filed a motion to amend or set aside the judgment pursuant to Mo. Sup. Ct. R. 74.06. *White v. State,* No. ED107667 (Mo. Ct. App. 2019). The Court denied petitioner's motion on April 28, 2020. He filed a motion for rehearing or alternatively for reconsideration on April 21, 2020, but this motion was denied as untimely on April 23, 2020. *Id.* He additionally filed a motion to proceed in forma pauperis which was denied on April 29, 2020.

On April 9, 2020, the Court ordered petitioner to show cause why this action should not be dismissed as prematurely filed. Petitioner filed a response to the Order to Show Cause on April 23, 2020. In his response, petitioner seeks a stay and abeyance of this action until such time as the Missouri Court of Appeals issues the mandate in his post-conviction appeal.

## Discussion

Petitioner's appeal of the denial of the motion to vacate is still pending in the Missouri State Court, as petitioner has not yet received a mandate from the Court of Appeals.[1]  Petitioner

---

[1] The one-year limitations period under 28 U.S.C. § 2244(d), allows for equitable tolling during

2

seeks to stay this action and hold his petition in abeyance until the Court of Appeals issues its mandate.

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

All grounds for relief in a habeas petition must be totally exhausted before the petition can be considered in federal court. *Id*. at 522. The total exhaustion requirement, coupled with the one-year statute of limitations in 28 U.S.C. § 2244(d), presents the risk that petitioners who file mixed petitions containing both exhausted and unexhausted claims will "forever [lose] their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). To ameliorate this problem, the United States Supreme Court has explained that in limited circumstances, district courts may stay the petition and hold it in abeyance while the petitioner returns to state court and exhausts his unexhausted claims. *Id*. at 275-76. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (stating that a petitioner may file "a protective

---

the pendency of petitioner's post-conviction proceedings, that is, from the date the motion to vacate brought pursuant to 29.15 is filed through the issuance of the mandate the appeal of the denial of the 29.15. *See Payne v. Kemna,* 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). Although not required in Missouri, petitioner may also toll his statute of limitations by filing a timely motion to transfer with the Supreme Court of Missouri.

3

petition in federal court…asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted").

In determining whether a stay should be granted or denied, district courts are guided by three factors: (1) whether petitioner had good cause for failing to exhaust; (2) whether petitioner's unexhausted claims are potentially meritorious; and (3) whether petitioner engaged in intentionally dilatory litigation tactics.  *See Rhines*, 544 U.S. at 277.  *See also Howard v. Norris*, 616 F.3d 799, 801 (8th Cir. 2010).  The stay and abeyance procedure for mixed habeas petitions is limited to timely petitions.  *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009).

Generally, a decision of the appellate court is considered final at the time the mandate is issued.  *Amburn v. Aldridge,* 296 S.W.3d 32, 33 (Mo. Ct. App. 2009).  A mandate is not issued until the time for filing a post-disposition motion has expired.  If a post-disposition motion is filed, the mandate will not issue until the appellate court has resolved such motions and the time for filing a transfer motion with the Supreme Court has passed.  *Id.*

Petitioner's failure to exhaust does not appear to be the result of bad faith.  Furthermore, there is no indication that petitioner engaged in intentionally dilatory litigation tactics.  To the contrary, it appears that he has attempted to obtain relief in the state courts as expeditiously as possible.  Therefore, good cause being shown, the Court will grant petitioner's motion to stay and hold in abeyance his petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to stay proceedings [Doc. #8] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall file a status report forty-five (45) days from the date of this order informing the Court as to the status of petitioner's post-conviction appeal and whether a mandate has issued.

Dated this 7th day of May, 2020.

                                                        /s/ Noelle C. Collins
                                                        NOELLE C. COLLINS
                                                        UNITED STATES MAGISTRATE JUDGE