# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAVONE M. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-489 NCC |
| ) | |
| MICHELE BUCKNER, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Davone M. White's ("Petitioner") second Motion for Leave to Proceed in Forma Pauperis (Doc. 12) and Motion to Amend or Set Aside Judgment (Doc. 11). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5). For the following reasons, the Court will **DENY** Petitioner's Motions.

### Background

Petitioner, an inmate at South Central Correctional Center ("SCCC"), seeks a writ of habeas corpus. After a jury trial, Petitioner was convicted of robbery in the first degree, attempted robbery in the first degree and armed criminal action on February 23, 2016. Petitioner was sentenced to twenty-five (25) years' imprisonment on April 15, 2016. *See State v. White*, No. 14SL-CR10027-01 (St. Louis County Court, 21st Judicial Circuit).

Petitioner filed a direct appeal of his conviction and sentence on April 22, 2016. *See State v. White*, No. ED104326 (Mo. Ct. App. 2016). The Court of Appeals reversed the matter for resentencing on May 16, 2017. Petitioner was resentenced in the trial court on July 13, 2017

to twenty-four (24) years' imprisonment. *See State v. White*, No. 14SL-CR10027-01 (St. Louis County Court, 21st Judicial Circuit).

Petitioner again appealed the matter to the Court of Appeals on September 5, 2017. *State v. White*, No. ED105876 (Mo. Ct. App. 2017). His appointed counsel filed a voluntary dismissal of the appeal on December 4, 2017.

Petitioner filed a post-conviction motion to vacate his sentence pursuant to Mo. Sup. Ct. R. 29.15 on August 21, 2017. *White v. State*, No.17SL-CC03175 (St. Louis County Court, 21st Judicial Circuit). The motion was denied on January 23, 2019. He appealed the denial of his motion to vacate on January 31, 2019. *White v. State*, No. ED107667 (Mo. Ct. App. 2019). Although the Court affirmed the denial of his motion to vacate on February 18, 2020, the Court has not yet issued a mandate in the action.

On April 6, 2020, Petitioner filed the current action pursuant to 28 U.S.C. § 2254 raising the following grounds for relief:

> (1) Lack of jurisdiction due to the court not being duly convened as the court proceeded with Petitioner's jury trial without his attorney of record being present in the courtroom;
> (2) Denial of counsel of choice because Petitioner's counsel of choice was not present for his jury trial;
> (3) Abuse of discretion when the trial court allowed hearsay into the court by detectives that prejudiced Petitioner; and
> (4) Abuse of discretion and third-party interference when the hearsay testimony was admitted, and the judge became a third party interfering with the matter.

(Doc. 1). On April 9, 2020, the Court ordered Petitioner to show cause why this action should not be dismissed as prematurely filed (Doc. 4). Petitioner filed a response to the Order to Show Cause on April 23, 2020 (Docs. 7, 8). In his response, Petitioner sought a stay and abeyance of this action until such time as the Missouri Court of Appeals issued the mandate in his post-conviction appeal (Doc. 8). On May 7, 2020, the Court granted Petitioner's request to stay and abey this action and ordered Petitioner to file a status report within forty-five (45) days from the

2

date of that Order informing the Court as to the status of Petitioner's post-conviction appeal and whether a mandate had issued (Doc. 9). Petitioner complied with the Court's Order, filing a status report indicating that the mandate issued in his post-conviction appeal on May 14, 2020, after which time he filed a motion to amend or set aside the judgment which was denied on June 4, 2020.

A review of the post-conviction proceedings on Missouri.Case.Net indicates that on March 9, 2020, Petitioner filed a motion to amend or set aside the judgment pursuant to Mo. Sup. Ct. R. 74.06. *White v. State,* No. ED107667 (Mo. Ct. App. 2019). The Court denied Petitioner's motion on April 28, 2020. He filed a motion for rehearing or alternatively for reconsideration on April 21, 2020, but this motion was denied as untimely on April 23, 2020. *Id.* He additionally filed a motion to proceed in forma pauperis which was denied on April 29, 2020. Thus, on June 22, 2020, the Court lifted the stay, reopened the action, and entered a case management order (Docs. 13, 14). That same day, the Court received the Motions currently before the Court.

## Motion for Leave to Proceed in Forma Pauperis

Petitioner filed a second Motion for Leave to Proceed in Forma Pauperis in which Petitioner again seeks leave to proceed in forma pauperis arguing that he is unable to pay the filing fee and he is entitled to relief (Doc. 12). However, the Court has previously granted Petitioner leave to proceed in forma pauperis (Doc. 4). Thus, the Court will deny Petitioner's Motion as moot.

## Motion to Amend or Set Aside Judgment

Next, Petitioner filed a Motion to Amend or Set Aside Judgment, seeking relief from his judgment pursuant to Missouri Supreme Court Rule 74.06(B)(1) (Doc. 11). Petitioner appears to have raised the same issues in this Motion as he does in his original petition. Further, the Court

cannot discern whether Petitioner intended to file this Motion before this Court or a Missouri state court because he cites to Missouri Supreme Court Rules and state law or whether Petitioner intends to supplement or otherwise amend his original habeas petition.  If Petitioner intends to supplement his petition, he should file a motion indicating that he seeks to supplement his claims with additional information and should attach his proposed supplement to the motion.  The Court will then determine whether Petitioner may be permitted to supplement his claims with this information.

If Petitioner seeks to amend his original habeas petition to add claims or expand upon his previously raised claims, then he must file a motion seeking leave to amend his petition along with an amended petition.  Petitioner is warned that the filing of an amended petition completely replaces the original petition, and so it must include all claims Petitioner wishes to bring.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").  Any claims from the original petition that are not included in the amended petition will be deemed abandoned and will not be considered.  *Id.*  Petitioner must submit the amended complaint on a court-provided form, and the amended petition must comply with the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed. R. Civ. P. 8(d)(1) (each claim shall be simple, concise, and direct); Fed. R. Civ. P. 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).  Petitioner is required to set out not only his alleged claims in a simple, concise, and direct

4

manner, but also the facts supporting his claims. In order to assist Petitioner if he intends to amend his petition, the Court will direct the Clerk of Court to send him a copy of the Court's blank form—"Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody."

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's second Motion for Leave to Proceed in Forma Pauperis (Doc. 12) is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend or Set Aside Judgment (Doc. 11) is **DENIED, without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Petitioner a blank "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" form.

Dated this 26th day of June, 2020.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE