**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAVONE M. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-00489-NCC |
| ) | |
| MICHELE BUCKNER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Respondent has filed a response (Doc. 21) and Petitioner has filed a reply (Doc. 24). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 5). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

**I. PROCEDURAL HISTORY**

On February 23, 2016, Petitioner was found guilty by a jury in the Circuit Court of the County of St. Louis, Missouri of robbery in the first degree (Count I) and attempted robbery in the first degree (Count III), and two corresponding counts of armed criminal action (Counts II and IV) (Doc. 21-1 at 376-78; Doc. 21-2 at 46-49). On April 15, 2016, the Circuit Court sentenced Petitioner to a total of 25 years of incarceration in the Missouri Department of Corrections (Doc. 21-1 at 381-97; Doc. 21-2 at 58-62). Petitioner appealed the judgment (Doc. 21-3). On May 16, 2017, the Missouri Court of Appeals for the Eastern District affirmed in part and reversed and remanded in part for resentencing (Doc. 21-6; *State v. White*, 518 S.W.3d 288

(Mo. Ct. App. 2017)). On July 13, 2017, Petitioner was resentenced to a total of 24 years of incarceration in the Missouri Department of Corrections (Doc. 21-9 at 763). Petitioner again appealed the judgment but ultimately dismissed his appeal, and the Missouri Court of Appeals' Mandate issued on December 5, 2017 (*id.* at 744-45).

Petitioner filed a pro se motion for post-conviction relief on August 21, 2017 (Doc. 21-9 at 33-41). On January 22, 2018, counsel filed an amended motion for post-conviction relief on Petitioner's behalf (*id.* at 47-77). After an evidentiary hearing, the motion court denied Petitioner's amended motion (*id.* at 118-130). On February 18, 2020, the Missouri Court of Appeals for the Eastern District affirmed the motion court's denial of the motion (Doc. 21-12; *White v. State*, 598 S.W.3d 170 (Mo. Ct. App. 2020)). The Missouri Court of Appeals' Mandate issued on May 14, 2020.

On April 6, 2020, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody raising four grounds (Doc. 1). The Court stayed this action pending resolution of Petitioner's state court proceedings (Doc. 9). On June 22, 2020, this action was reopened (Doc. 13). Petitioner filed a Motion to Amend or Set Aside Judgment (Doc. 11). The motion was denied without prejudice, with instructions that Petitioner should file a motion to supplement or amend his petition if that is what he intended (Doc. 15 at 3-5). No motion to supplement or amend was filed. Therefore, the petition filed on April 6, 2020 (Doc. 1) is the operative pleading in this case.

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, to exercise only "limited and deferential review" of underlying state court decisions. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).

Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

    **A. Grounds One, Three, and Four**

In Grounds One, Three, and Four, Petitioner asserts:

(1) Lack of jurisdiction due to the court not being duly convened as the court proceeded with Petitioner's jury trial without his attorney of record being present in the courtroom; …

(3) Abuse of discretion when the trial court allowed hearsay into the court by detectives that prejudiced Petitioner; and

(4) Abuse of discretion and third-party interference when the hearsay testimony was admitted, and the judge became a third party interfering with the matter.

(Doc. 1 at 5, 7, 9). Respondent argues that these grounds are procedurally defaulted. The Court agrees. Petitioner did not raise any of these grounds in his direct appeal or post-conviction case. *See* Doc. 21-3; Doc. 21-9 at 47-77. Therefore, they are procedurally defaulted. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).[1] Petitioner does not allege cause and prejudice to excuse the default. *See* Doc. 1. Grounds One, Three, and Four are denied.

**B. Ground Two**

In Ground Two, Petitioner asserts the denial of counsel of choice because Petitioner's counsel of choice was not present for his jury trial (Doc. 1 at 6). In Petitioner's post-conviction appeal, he raised the following claim:

> The motion court erred in denying Mr. White's Rule 29.15 motion because Mr. White proved by a preponderance of the evidence that he was entitled to post-conviction relief on the ground that appellate counsel was ineffective for unreasonably failing to assert on appeal that Mr. White was denied his right to counsel of his choice, in that a reasonably competent attorney under the same or similar circumstances would have recognized and asserted this claim of trial court error, and the error was substantially serious that but for appellate counsel's failure, there is a reasonable probability that the outcome of Mr. White's appeal would have been a reversal and a new trial. Appellate counsel's ineffectiveness and the motion court's ruling deprived Mr. White of his right to due process of law, right to access to the courts, right to effective assistance of counsel, right to counsel of his choice, and right to a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10, 14, and 18(a) of the Missouri Constitution. This Court must reverse the motion court's judgment, vacate Mr. White's convictions and sentences, and remand for a new trial.

(Doc. 21-10 at 23). The Court will construe Petitioner's Ground Two as raising the same claim. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (claims not raised through post-conviction appeal are procedurally defaulted). Respondent argues that this Court should defer to

---

[1] Petitioner's pro se motions, filed in his post-conviction appeal following the issuance of the Missouri Court of Appeals' opinion, do not cure the procedural default. *See Arnold*, 675 F.3d at 1087 ("In Missouri, a claim must be presented at each step of the judicial process in order to avoid default.") (internal quotations omitted).

4

the Missouri Court of Appeals' decision affirming the motion court's denial of the claim. The Court agrees.

Petitioner was represented by Terrence Niehoff and his associate Michael Hufty in his underlying criminal case. However, Hufty handled 90% of the court dates, including representing Petitioner at trial. *See* Doc. 21-8 at 17. At no point did Petitioner alert the trial court to the fact that he had expected Niehoff alone, and not Hufty, to represent him. It was not until the colloquy following imposition of his first sentence that Petitioner raised any issue with the court. *See* Doc. 29-1 at 391-96.

The motion court denied Petitioner's claim of ineffective assistance of appellate counsel, holding that "[b]ecause it cannot be found that [sic] trial court interfered erroneously with Movant's right to his choice of counsel … it cannot be found that appellate counsel was ineffective for failing to raise this moot issue" (Doc. 21-9 at 153). The Missouri Court of Appeals affirmed (Doc. 21-12). The court likewise held that "because Movant's claim has no merit, appellate counsel was not ineffective for failing to assert this point as plain error on direct appeal" (*id.* at 8). The court noted that "[a]ccording to Niehoff and Hufty, Movant understood that Hufty was his attorney"; "Movant did not raise the issue of his choice of counsel until the sentencing phase, when it was too late for the court to address Movant's concern by substituting counsel"; and "[Movant] was represented by an associate of the attorney he hired and he had no absolute right to the aid of a particular attorney" (*id.* at 7).

To succeed on an ineffective assistance of counsel claim, Petitioner must show 1) that counsel failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation, and 2) that Petitioner was prejudiced by counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is strongly presumed to have

5

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  To prove prejudice, Petitioner must show there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.  Federal habeas under AEDPA provides "doubly" deferential review of ineffective assistance claims which were decided in state court.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).  The Missouri Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law, as determined in *Strickland v. Washington*.  Ground Two is denied.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.

Dated this 15th day of August, 2023.

                                          /s/ Noelle C. Collins  
                                          NOELLE C. COLLINS  
                                          UNITED STATES MAGISTRATE JUDGE